IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02553-BNB

SHARRIECKIA PAGE,

    Plaintiff,

v.

PUEBLO COLORADO MENTAL HEALTH INSTITUTE,
ADAMS COUNTY DETENTION FACILITY,
HUMAN AND SOCIAL SERVICES,
ADAMS COUNTY PUBLIC DEFENDERS, and
DEFENSE ATTORNEY JENNIFER JONES,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Sharrieckia Page, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Denver Women's Correctional Facility. Ms. Page initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). She has been granted leave to proceed *in forma pauperis* pursuant to § 1915.

    The Court must construe the Prisoner Complaint liberally because Ms. Page is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Page will be ordered to file an amended complaint if she wishes to pursue

her claims in this action.

First, Ms. Page's complaint is largely unintelligible. She fails to leave adequate margins in the complaint, causing parts of or all of words to be cut off. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be legible and have one-inch margins at the left, right, and bottom, and a one and a half inch margin at the top. *See* D.C.COLO.LCivR 10.1.

Secondly, Ms. Page is suing improper parties. Ms. Page may not sue the Pueblo Mental Health Institute, which the Court construes as the Colorado Mental Health Institute at Pueblo. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

She also may not sue the Adams County Public Defender's Office pursuant to §

1983. The Adams County Defender's Office, which the Court construes as the Colorado office of state public defender, is an agency of the judicial department of the Colorado state government. *See* Colo. Rev. Stat. § 21-1-101. As a result, this agency also is protected by Eleventh Amendment immunity. *See Will*, 491 U.S. at 66.

In addition, Ms. Page may not sue her public defender. Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).

Plaintiff also may not sue the Adams County Detention Facility. The detention facility is not a separate entity from Adams County and, therefore, is not a person under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the detention facility must be considered as asserted against Adams County.

In addition, municipalities and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against Adams County under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Ms. Page also has failed to clarify other possible defendants. She fails to make clear whether the defendant "Human and Social Services" is part of the Colorado Department of Human Services. She includes in the description of parties both a "Dr. Williams" and "Dependency and Neglect Human Services," but they are not named as defendants in the caption to the complaint. She also fails to provide an address for each named defendant.

A review of the substance of the Prisoner Complaint reveals that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Page asserts three rambling claims for relief, none of which asserts a

4

constitutional violation. In order to state a claim in federal court, Ms. Page "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Ms. Page should name as defendants in her amended complaint only those persons that she contends actually violated her federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Page must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for

the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

See *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

To the extent Ms. Page is challenging her conviction and sentence, her claims for money damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his or her criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. See *Heck*, 512 U.S. at 486-87. Ms. Page does not allege that she has invalidated her conviction or sentence that pertain to the incident at issue. Therefore, any claims for damages challenging the validity of her criminal conviction are barred by *Heck*.

In addition, to the extent Ms. Page may seek to challenge her criminal conviction or obtain her release from incarceration, her sole federal remedy is a writ of habeas corpus, after she has exhausted state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  The Court will not consider the merits of any habeas corpus claims in this civil rights action.

Accordingly, it is

ORDERED that Plaintiff, Sharrieckia Page, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) and D.C.COLO.LCivR 10.1 as discussed in this order.  It is

FURTHER ORDERED that Ms. Page shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint.  It is

FURTHER ORDERED that, if Ms. Page fails to file an amended Prisoner Complaint that complies with this order within the time allowed, some claims and defendants, or the entire complaint, may be dismissed without further notice.

DATED November 1, 2013, at Denver, Colorado.

                                  BY THE COURT:

                                  s/ Boyd N. Boland
                                  United States Magistrate Judge