IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02553-BNB

SHARRIECKIA PAGE,

    Plaintiff,

v.

PSYCHOLOGIST DR. WILLIAMS,
ADAMS COUNTY DETENTION FACILITY,
ADAMS COUNTY DEPARTMENT OF HUMAN SOCIAL SERVICES, and
PUBLIC DEFENDER JENNIFER JONES,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Sharrieckia Page, is a prisoner in the custody of the Colorado Department of Corrections incarcerated at the Denver Women's Correctional Facility. Ms. Page initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

    On November 1, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 8) directing Ms. Page to file within thirty days an amended Prisoner Complaint that complied with the legibility requirements of Rule 10.1 of the Local Rules of Practice for this Court; complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; and sued proper parties. The November 1 order also pointed out that Ms. Page's her claims for money damages based on the challenge to her conviction and sentence are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). On

December 11, 2013, Ms. Page filed an amended Prisoner Complaint for money damages.

Ms. Page has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Ms. Page is cautioned that her ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if she has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Ms. Page's amended Prisoner Complaint liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her]

2

confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant.  *See id.*  For the reasons stated below, the Prisoner Complaint and the action will be dismissed.

Ms. Page continues to sue improper parties, and those claims will be dismissed with prejudice.  *See Carbajal v. Holman*, 485 F. App'x 332, 333 (10th Cir. 2012).  As she was informed in the November 1 order, Ms. Page may not sue her public defender, Jennifer Jones.  Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding, are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).

Ms. Page may not sue the Adams County Department of Human Social Services.  "In Colorado, municipal departments of social services are in reality arms of the state and therefore immune from suit in federal court."  *Cobb v. City and County of Denver*, 761 F. Supp. 105, 106 (D. Colo. 1991).

Ms. Page also may not sue the Adams County Detention Facility.  The detention facility is not a separate entity from Adams County and, therefore, is not a person under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Any claims asserted against the detention facility must be considered as asserted against Adams County.

In addition, municipalities and municipal entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't*

of Social Servs., 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff cannot state a claim for relief against Adams County under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.

Ms. Page purports to assert three claims.  The first two are not claims but, instead, merely refer to legal authority.  Claims one and two will be dismissed as legally frivolous.  In her third claim, Ms. Page alleges that her conviction on state charges of child abuse resulting in death was due to the negligence of her social services case worker, who informed Ms. Page that she would have to involve the state court to remove all of Plaintiff's children from their home.  Ms. Page attaches numerous pages of explanation as to the events leading to her conviction and documents relevant to her state mental health treatment and family services plan.  She appears to be suing the remaining Defendant--Dr. Williams, a psychologist--for his involvement in her mental competency evaluation to determine her competency to stand trial.

As Magistrate Judge Boland informed Ms. Page in the November 1 order, to the extent Ms. Page is challenging her conviction and sentence, her claims for money damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his or her criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an

4

authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Ms. Page does not allege that she has invalidated her conviction or sentence. Therefore, any claims for damages challenging the validity of her criminal conviction are barred by *Heck*.

In addition, to the extent Ms. Page may seek to challenge her criminal conviction or obtain her release from incarceration, her sole federal remedy is a writ of habeas corpus after she has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this civil rights action.

Therefore, the Court finds that Ms. Page's claims challenging the validity of her state court criminal conviction and sentence are barred by the rule in *Heck*. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). However, a *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Page files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the claims for monetary damages against improper parties are dismissed with prejudice because these claims either are legally frivolous or are seeking

relief from Defendants entitled to immunity pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that Plaintiff's first and second claims are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that Plaintiff's claims challenging her conviction and sentence are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  6th  day of    March        , 2014.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court